John A. Brockmeier, Esq. (SBN 244510)
BROCKMEIER LAW GROUP, APC
2082 Michelson Drive, Suite 100
Irvine, California 92612
Tel: (310)425-3431
Fax: (310)626-4758
John.brockmeier@brockmeierlaw.com

William Wooten
Wooten Law Office
120 Court Square East
Covington, Tennessee 38019
Phone: 901.475.1050
Fax: 901.234.0028
wawooten@gmail.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRYAN KAHN**, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>**CJ E&M AMERICA, INC., BTS a/k/a BANGTAN BOYS, and BIG HIT ENTERTAINMENT COMPANY**, and **DOES 1 through 50, inclusive** <br><br>　　　　　Defendant. | Case No. 2:21-cv-03230 <br><br>**COMPLAINT** <br><br>**1. <u>Contributory Infringement of Copyright</u>** <br><br>**2. <u>Vicarious Infringement of Copyright</u>** |

　　　Plaintiff Bryan Kahn (hereinafter "Plaintiff"), by and through counsel, hereby alleges the following:

### Nature of Case

1. Plaintiff owns and has the exclusive right to the use of his copyright "Island Hip Hopping."

2. Plaintiff's copyright registration number is PA 2-262-292.

3. Plaintiff's effective date of copyright registration is September 3, 2020.

1

4. Plaintiff's first date of publication is November 15, 2013.
5. Plaintiff registered his treatment with the Writers Guild of America East on November 15, 2013.
6. Plaintiff's Writers Guild of American East registration number is I259236.
7. Defendants wrongfully and unlawfully procured Plaintiff's copyright protected material through misrepresentations during oral and electronic communications, as well as other actions and/or omissions on the part of the Defendants.
8. Defendants procured Plaintiff's idea for the purpose of creating, producing, and disseminating the television reality series "I-Land" through the video graphic website YouTube and other possible world wide web streaming channels.
9. Due to the international distribution of "I-Land", Defendants have received profits and revenues from viewers throughout multiple countries, including the United States.
10. Defendants have been notified, through Plaintiff's counsel, of the wrongful procurement and use of Plaintiff's copyrighted material on multiple occasions.
11. Plaintiff's counsel alerted Defendants through multiple communications, including written letters and electronic mail.
12. Despite these notices and Defendants actual knowledge of the repeat infringements of Plaintiff's copyright protected ideas and material, Defendants have continued to create and release to the public material that directly infringes upon Plaintiff's copyright.

## Jurisdiction and Venue

13. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.
14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

15. This Court has personal jurisdiction over CJ E&M America, Inc. (hereinafter "CJ") because CJ resides in and/or does systematic and continuous business in California and throughout the rest of the United States over internet video distribution and ad campaigns. CJ provides a full slate of services in the United States, including video and music production and distribution. CJ has a principal place of business in the United States located at 3530 Wilshire Boulevard, Suite 1220, Los Angeles, California 90010.

16. This Court has personal jurisdiction over BTS a/k/a Bangtan Boys (hereinafter "BTS") because BTS participated in, created, produced, and aided in the dissemination and distribution of infringing work. Personal jurisdiction is allowed against Defendant BTS through the theory of national jurisdiction, which is grounded in the case of *Graduate Management Admission Council v. Raju,* 241 F.Supp.2d 589 (E.D. Va. 2003). Such theory applies here as Defendant BTS understood that dissemination and distribution in the United States market would allow for BTS to gain revenue and profit streams from United States customers and other such United States based viewers based on the video series and corresponding ad campaigns.

17. This Court has personal jurisdiction over Big Hit Entertainment Company (hereinafter "Big Hit") because Big Hit participated in, created, produced, and aided in the dissemination and distribution of infringing work. Personal jurisdiction is allowed against Defendant Big Hit through the theory of national jurisdiction, which is grounded in the case of *Graduate Management Admission Council v. Raju,* 241 F.Supp.2d 589 (E.D. Va. 2003). Such theory applies here as Defendant Big Hit understood that dissemination and distribution in the United States market would allow for Big Hit to gain revenue and profit streams from United States customers and other such United States based viewers on the video series and corresponding ad campaigns.

18. Venue is proper under 28 U.S.C. § 1391(b)-(c), and/or 28 U.S.C. § 1400(a).

## The Parties

19. Plaintiff Bryan Kahn is an individual with a residential address of 210 Bonaventure Blvd. #503B, Weston, Florida 33326.
20. Plaintiff is engaged in the business of creating and producing television series and audio music for both national and international distribution across a multitude of streaming platforms.
21. Upon information and belief, Defendant CJ E&M America, Inc. is engaged in the business of creating products and services that promote specific lifestyles, including Korean lifestyles. Defendant is also engaged in the business of partnering and aiding in the growth of third-party companies. Defendant has a United States principal place of busines located at 3530 Wilshire Boulevard, Suite 1220, Los Angeles, California 90010.
22. Upon information and belief, Defendant BTS a/k/a/ Bangtan Boys, are a Korean pop music group who have engaged in the creation, production, dissemination and distribution of "I-Land" into the United States, with named Defendants, in order to gain revenue and profit from United States customers and consumers.
23. Upon information and belief, Defendant Big Hit Entertainment Company is a Korean company and is the managing firm for Defendant BTS and have engaged in the creation, production, and dissemination and distribution of "I-Land" into the United States, with named Defendants, in order to gain revenue and profit from United States customers and consumers.

## Factual Background

24. In 2013, Plaintiff created the idea for his television show "Island Hip Hopping."
25. After creating "Island Hip Hopping", Plaintiff registered his treatment with the Writers Guild of America East on November 15, 2013.
26. Upon registration of his treatment, said treatment was granted the registration number of I259236, and Plaintiff purchased the domain name islandhiphopping.com in 2013. *Please See Attached Exhibit A.*

27. After creation of his treatment, Plaintiff began spending a substantial portion of his time living in Asia.
28. After creation of his treatment, Plaintiff began spending a substantial potion of his time in Asia studying Asian culture.
29. Plaintiff spent the years of late 2013 until the middle of 2020 living in Asia and studying such Asian culture.
30. Based upon Plaintiff's vast experience and knowledge gained while Plaintiff lived and studied in Asia, Plaintiff began to prepare for the production of "Island Hip Hopping".
31. From August 28, 2019 until October of 2019, Plaintiff spent time in Manila, Philippines.
32. While spending time in Manila, Plaintiff worked on and shared the idea for "Island Hip Hopping" with Eric Aguilar, manager of Risk Emergency Defense Security Solutions, Inc. in Manila.
33. Mr. Eric Aguilar, verbally and through text message communications, confirmed with Plaintiff that he passed the series treatment of "Island Hip Hopping" off to Netflix key executive Rita Magnus. *Please See Attached Exhibit B.*
34. In late 2019, Netflix entered into a multi-year partnership with Defendant CJ E&M for content production and distribution.
35. Subsequently, Defendants created a YouTube Series "I-Land", a reality television streaming series in which contestants compete for a chance to produce, perform, and sell original music, as well as for a chance to work with Defendant Big Hit.
36. In conjunction with the creation and distribution of "I-Land", Defendants produced and released music created through the production of "I-Land".
37. In parallel with the creation and launch of "I-Land", Defendants garnered a deal with Samsung to run promoted ads during break periods of the YouTube television series featuring BTS and the Samsung S20/5G cellular phone.

38. On the same day as the events mentioned in paragraph 37, Netflix also announced that it had entered into an arrangement with Samsung, offering exclusive bonus content to Samsung users. *Please See Attached Exhibit C*.
39. Following the success of "I-Land", Defendants announced "Big Hit Japan Global Debut Project", which will feature five participants from "I-Land" working with new members and a panel of executive and celebrity mentors.
40. Discussions between Plaintiff and Mr. Aguilar also included the possibility of opening an Asian pop culture themed café.
41. Parallel to the actions mentioned in paragraphs 32-35, Mr. Aguilar's cousin, Mrs. Dianne Aguilar, with the help of Defendants, opened a BTS themed café, called The Purple 7 Café. *Please See Attached Exhibit D*.
42. Plaintiff confronted Mr. Aguilar about possible infringement as early as February 27th, 2020. *Please See Attached Exhibit E*.
43. The last time Plaintiff spoke with Mr. Eric Aguilar was on March 13, 2020, which was also the same day The Purple 7 Café opened.
44. Parallel to the actions mentioned in paragraphs 32-39, Defendants prepared for the promotion of BTS's album, *Map of the Soul: 7*, which released February 21, 2020.
45. As part of the promotion, Defendants planned and executed CONNECT, BTS, a global art project involving sponsored art exhibitions in five major cities worldwide.
46. Promotional material from Defendants for CONNECT, BTS, published in the Condé Nast Traveler, utilized aspects of Plaintiff's copyrighted treatment for Island Hip Hopping, further infringing on Plaintiff's copyright. *Please See Attached Exhibit F*.
47. Therefore, based upon the above-mentioned actions, it is clear that the Defendants have stolen and infringed on multiple occasions, and continue to steal and infringe upon Plaintiff's protected copyright.

## Claims for Relief

## Count I – Contributory Infringement of Copyright

48. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 47, inclusive.

49. The copyrighted treatment "Island Hip Hopping" is directly infringed each time Defendants disseminate, distribute and release to streaming, their "I-Land" series show or music created through "I-Land". By distributing such streaming series to the public for viewing, with the Samsung ads run throughout the streaming, or by producing and distributing music created through "I-Land", Defendants have and continue to materially contribute to the unauthorized reproduction and distribution of the copyrighted "Island Hip Hopping" series created by Plaintiff.

50. Through the actions of Mr. Eric Aguilar, Defendants have been provided actual and direct knowledge of "Island Hip Hopping" and have directly infringed upon such copyright.

51. Defendants have engaged in the repetitive infringement actions by gaining knowledge of such infringement on multiple occasions and then continuing to stream, air and produce their "I-Land" series. Upon information and belief, and based on the recurring actions of the Defendants, Defendants have refused to terminate their "I-Land" series, despite the direct infringement and sufficient evidence they have been presented with to show the infringement, including the registered treatment of such series idea with the Writers Guild of America East and registered copyright notice.

52. Defendants have not acted reasonably or in good faith in response to Plaintiff's notices of infringement and repeat infringement.

53. Defendants' acts of infringement have been willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

54. As a direct and proximate result of Defendants' infringements of Plaintiff's

    copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for each infringement.

55. Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

56. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

57. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further contributory infringements of Plaintiff's copyright.

## Count II – Vicarious Infringement of Copyright

58. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 57, inclusive.

59. Defendants had, and continue to have, the right and ability to supervise and/or control the infringing conduct through its agreements with YouTube, Samsung, and other possible third parties vendors and account holders, as well as through their own production and distribution actions, by, without limitation, blocking access to the video series, removing the infringing video series, terminating further release of the "I-Land" series and removing the infringing video ads. However, Defendants have failed to exercise such supervision and/or control. As a direct and proximate result of such failure, Defendants have repeatedly infringed and will continue to repeatedly infringe Plaintiff's copyright on a massive scale.

60. Defendants derived, and continue to derive, substantial and direct financial benefit from the infringements of the copyright through the streaming of their infringing "I-Land" series in the form of ad promotion profits and pay-per-view

subscribers and account holders drawn to the series for the purpose of accessing and/or viewing infringing content.

61. Defendants have not acted reasonably or in good faith in response to Plaintiff's notices of infringement and repeat infringement.

62. Defendants' acts of infringement have been willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

63. As a direct and proximate result of Defendants vicarious and direct infringements of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for each infringement.

64. Alternatively, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

65. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. v 505.

66. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 503, Plaintiff is entitled to injunctive relief prohibiting further contributory infringement of Plaintiff's copyright.

## Prayer for Relief

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

a. For entry of judgment against Defendants for all damages to which Plaintiff may be entitled, including Defendants' profits and for damages in an amount as may be proven at trial. Alternatively, at Plaintiff's election, for the maximum damages amount allowed by law for all individual copyright infringements

involved in this action with respect to any one work, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

b. For a permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from (a) directly or indirectly infringing in any manner any of Plaintiff's respective copyrights or other exclusive rights under copyright regarding "Island Hip Hopping", and (b) causing, contributing to, enabling, facilitating or participating in the infringement of any of Plaintiff's respective copyrights or other exclusive rights (whether now in existence or hereafter created), including without limitation, copyrights or exclusive rights under copyright in the "Island Hip Hopping" or other such series.

c. For an order directing Defendants to promptly forward Plaintiff's infringement notices to their subscribers;

d. For prejudgment and post-judgment interest according to law;

e. For Plaintiffs' attorneys' fees, and full costs and disbursements in the action;

f. That the Plaintiff be allowed to amend its *ad damnum;* and

g. For such other and further relief as the Court may deem proper and just.

RESPECTFULLY SUBMITTED this the 14 day of April, 2021.

*John A. Brockmeier*
John A. Brockmeier, Esq. (SBN 244510)
BROCKMEIER LAW GROUP, APC
2082 Michelson Drive Suite 100
Irvine, CA 92612
Ph: (310)425-3431
Fax: (310)626-4758
Email:
john.brockmeier@brockmeierlaw.com
*Attorney for Plaintiff*

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury for all issues triable by right of jury.

RESPECTFULLY SUBMITTED this the 14 day of April, 2021.

*John A. Brockmeier*
_____
John A. Brockmeier, Esq. (SBN 244510)
BROCKMEIER LAW GROUP, APC
2082 Michelson Drive Suite 100
Irvine, CA 92612
Ph: (310)425-3431
Fax: (310)626-4758
Email:
john.brockmeier@brockmeierlaw.com
*Attorney for Plaintiff*

I acknowledge myself as surety for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).

_____

BROCKMEIER LAW GROUP, APC

11